IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL McDANIEL, | ) | |
|     Petitioner, | ) | Civil Action No. 14-238 Erie |
| | ) | |
| v. | ) | District Judge Barbara Rothstein |
| | ) | Magistrate Judge Susan Paradise Baxter |
| NANCY GIROUX, et al., | ) | |
|     Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that the petition for a writ of habeas corpus filed by state prisoner Michael McDaniel pursuant to 28 U.S.C. § 2254 be denied and that a certificate of appealability be denied.

**II.    REPORT**

    **A.    Relevant Background**

On April 23, 2007, at the conclusion of a trial held in the Court of Common Pleas of Bedford County, a jury found McDaniel guilty of three counts of rape of a person less than 13 years of age (18 Pa.C.S. § 3121(a)(6)) and one count of involuntary deviate sexual intercourse (18 Pa.C.S. § 3123(a)(6)).

Pennsylvania's statutory sentencing scheme is indeterminate. Commonwealth v. Yuhasz, 923 A.2d 1111, 1117 (Pa. 2007). This means that a court will impose a sentence with two numbers, which represent the minimum and maximum period of incarceration. The minimum term is the earliest date that the defendant will be eligible for discretionary parole release and the maximum term is the date upon which the defendant may be released from confinement or parole supervision. Yuhasz, 923 A.2d at

1

1114-15, 1117-18 (citing 42 Pa.C.S. § 9756(a)). Pennsylvania's statutory scheme also is "guided," meaning that it "require[es] a judge to consider the guidelines by the Pennsylvania Commission of Sentencing in choosing a minimum sentence." Id. at 1118. A court may impose a sentence outside the sentencing guidelines as long as it provides a contemporaneous written statement of the reason or reasons for the deviation from the guidelines. Id. (citing 42 Pa.C.S. § 9721(b)). Thus, "[i]t is well established that the Sentencing Guidelines are purely advisory in nature." Id. "[D]espite the recommendations of the Sentencing Guidelines, 'the trial courts retain broad discretion in sentencing matters, and therefore, may sentence defendants outside the Guidelines.'" Id. at 1118-19 (quoting Commonwealth v. Mouzon, 812 A.2d 617, 621 (Pa. 2002)). "The only line that a sentence may not cross is the statutory maximum sentence." Id. at 1119 (citing Mouzon, 812 A.2d at 621 n.4, and Commonwealth v. Saranchak, 675 A.2d 268, 277 n.17 (Pa. 1996)).

On August 27, 2007, the trial court sentenced McDaniel to a term of 5 to 10 years on each count of rape to be served consecutive to each other, and a term of 5 to 10 years on the one count of involuntary deviate sexual intercourse to be served concurrently to the rape counts, for an aggregate sentence of 15 to 30 years of imprisonment. [ECF No. 18 at 14-15, Resp's Ex. 2, 8/22/07 Sentencing Order].

McDaniel did not initially file a direct appeal with the Superior Court of Pennsylvania. In 2009, he was granted leave to file an appeal *nunc pro tunc* and in that appeal he claimed that there was insufficient evidence to support the jury's verdict and that the trial court abused its discretion when it sentenced him to consecutive sentences. On October 15, 2010, the Superior Court issued a decision in which it affirmed McDaniel's judgment of sentence. [ECF No. 18 at 34-44, Resp's Ex. 6, Commonwealth v. McDaniel, No. 2173 WDA 2009, slip op. (Pa.Super.Ct. Oct. 15, 2010)]. McDaniel did not file a petition for allowance of appeal ("PAA") with the Pennsylvania Supreme Court.

Accordingly, his judgment of sentence became final on or around November 15, 2010, which is the date upon which the time for him to file a PAA expired. Gonzalez v. Thaler, — U.S. — , 132 S.Ct. 641, 653-56 (2012) (a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review); Jimenez v. Quarterman, 555 U.S. 113, 121 (2009) ("We hold that, where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A). In such a case, 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review' must reflect the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal."); Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000).

On or around February 28, 2012, McDaniel filed his first petition for writ of habeas corpus with this Court, which was docket at 1:12-cv-58. He claimed that his sentence is excessive because it exceeds the recommended range set forth by Pennsylvania's Sentencing Guidelines. As a result, he argued, his sentence "lacked finality" and did not authorize his detention. In addition, he argued that his sentence violated the rule announced in Apprendi v. New Jersey, 530 U.S. 466 (2000). McDaniel also claimed that when he was temporarily transferred to a prison in Muskegon County, Michigan, for service of his Pennsylvania sentence from February 17, 2010, through May 25, 2011, his underlying sentence was "cancelled/terminated."[1] On October 14, 2012, this Court issued an Order in which it summarily dismissed McDaniel's request for habeas relief. [ECF No. 33 in 1:12-cv-58]. The United States Court of Appeals for the Third Circuit denied a certificate of appealability on March 6, 2013. See 3/6/13 Order in Court of Appeals' docket number 12-4159, available on PACER.

---

[1] McDaniel was one of those state prisoners who was temporarily transferred to a prison in Muskegon County, Michigan, for service of his Pennsylvania sentence from February 17, 2010, through May 25, 2011. Such transfers were effectuated to alleviate overcrowding in Pennsylvania's correctional facilities. See, e.g., Maines v. Rendell, No. 11-70, 2011 WL 6153093, *1 (W.D. Pa. Dec. 9, 2011).

Next, on or around August 8, 2014, McDaniel filed with the Court of Appeals an application for authorization to file a second or successive habeas petition. On August 25, 2014, the Court of Appeals granted his request on the grounds that this Court did not provide McDaniel with notice pursuant to United States v. Miller, 197 F.3d 644, 652 (3d Cir. 1999) before it dismissed the petition that he filed at 1:12-cv-58.[2] The Court of Appeals "express[ed] no opinion on the merits of [McDaniel's] new petition." See application to file a second or successive petition & 8/25/14 Order in Court of Appeals' docket number 14-3570, available on PACER.

On or around October 9, 2014, McDaniel filed the petition now pending before this Court. He raises two claims. In Claim One, he contends that his due process and equal protection rights have been violated because there was no "valid written and signed judgment of sentence order" issued in his criminal case, "thus making confinement illegal." [ECF No. 10 at 5]. In Claim Two, McDaniel contends that his sentence is illegal because he "was sentenced to an enhanced sentence of thirty (30) years by the court action of imposing a recidivism statute which was an error by the court, as the United States Supreme Court found in Alleyne [v. United States, — U.S. — , 133 S.Ct. 2151 (2013)] such facts must

---

[2]  It did not appear to this Court that a Miller notice was required because McDaniel expressly stated in the habeas petition that he filed in 1:12-cv-58 that it was being brought pursuant to 28 U.S.C. § 2254. [ECF No. 7 at 8]. Miller, and the subsequent case of Mason v. Myers, 208 F.3d 414 (3d Cir. 2000), required that district courts in the Third Circuit provide to prisoners certain notices regarding the application of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") to their cases in two circumstances: (1) before re-characterizing a post-conviction pleading as either a motion to vacate under 28 U.S.C. § 2255 (in the case of federal prisoners) or a petition for a writ of habeas corpus under § 2254 (in the cases of state prisoners); or (2) prior to ruling on a § 2255 motion or § 2254 petition denominated as such when the petitioner is proceeding *pro se*. Mason, 208 F.3d at 418. The requirement that the notice be given in the second circumstance has been abrogated by Pliler v. Ford, 542 U.S. 225 (2004), in which the Supreme Court held that there is no general requirement for a district court to provide information or legal advice to *pro se* litigants who seek post-conviction relief, save for the situation (presented in Castro v. United States, 540 U.S. 375, 383-84 (2003)) when the district court itself chooses to recharacterize the litigant's motion. See also Mala v. Crown Bay Marina, 704 F.3d 239 (3d Cir. 2013) (explaining that in Pliler v. Ford "the Court rejected the idea that district courts must provide a specific warning to *pro se* litigants in certain habeas cases…. The underlying principle is simple: when a court acts on its own in a way that significantly alters a *pro se* litigant's rights-- for example, by converting one type of motion into a different type of motion-- the court should inform the *pro se* party of the legal consequences. But as the Supreme Court made clear only a few months after Castro, notice is the exception. Nonassistance is the rule. See Pliler, 542 U.S. at 231, 233-34, 124 S.Ct. 2441.").

4

be found by a jury; and petitioner is in fact a first time offender for sentencing purposes." [ECF No. 10 at 7].

Respondents filed their answer and relevant record. [ECF No. 18]. McDaniel then filed "Objections," [ECF No. 25], which has been construed as his reply. See Local Rule 2254(E)(2) (a petitioner "may file a Reply ... within 30 days of the date the respondent files its Answer.")

### B. Discussion

McDaniel's petition is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254. This statute provides, in relevant part, that a federal court may entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution of the United States. 28 U.S.C. § 2254(a). Errors of state law are not cognizable in a federal habeas proceeding. Id. See, e.g., Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). McDaniel carries the burden of proving he is entitled to the writ. See, e.g., Cullen v. Pinholster, — U.S. — , 131 S.Ct. 1388, 1398 (2011).

#### 1. Both of McDaniel's Claims Are Untimely

Respondents contend that McDaniel's claims must be denied because they are untimely. AEDPA imposes a one-year limitations period for state prisoners seeking federal habeas review. It is codified at 28 U.S.C. § 2244(d) and it provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Most federal habeas claims fall within § 2244(d)(1)(A), with AEDPA's limitation period beginning to run on the date the petitioner's judgment of sentence became final, and there is no reason for this Court to apply any other provision to Claim One. As set forth above, McDaniel's judgment of sentence became final on or around November 15, 2010. Therefore, he had until on or around November 15, 2011, to raise Claim One in a federal habeas petition pursuant to 28 U.S.C. § 2254. He has not shown that he had any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim[,]" 28 U.S.C. § 2244(d)(2), that would serve to statutorily toll AEDPA's limitations period during the relevant time period. Therefore, Respondents are correct that Claim One is untimely by many years.

As for Claim Two, it is premised upon the Supreme Court's decision in Alleyne, which was decided on June 17, 2013. In evaluating whether this claim is untimely, the Court cannot look to § 2244(d)(1)(C) and use June 17, 2013, as the date AEDPA's statute of limitations commenced because, as discussed *infra*, the right recognized in Alleyne has not been "made retroactively applicable to cases on collateral review[.]" Even if the Court calculated the statute of limitations under § 2244(d)(1)(D) as

6

commencing on the date Alleyne was decided and then running for one year (that is, giving him until June 17, 2014, to raise an Alleyne claim in a federal habeas petition), Claim Two would still be untimely. That is because McDaniel did not file his application to file a second or successive petition with the Court of Appeals until on or around August 8, 2014, which was approximately 56 days after the limitations period expired if it is calculated as having commenced on the date Alleyne was decided.

Based upon all of the forgoing, the Respondents are correct that both of McDaniel's claims could be denied because they were filed outside of AEDPA's statute of limitations.[3]

### 2.   Both of McDaniel's Claims Are Procedurally Defaulted

In the alternative, the Court could deny McDaniel's claims because they are procedurally defaulted. A state prisoner, such as McDaniel, is required to raise his federal constitutional claims in state court *through the proper procedures* before he litigates them in a federal habeas petition. See, e.g., Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) ("[i]t is axiomatic that a federal habeas court may not grant a petition for a writ of habeas corpus unless the petitioner has first exhausted the remedies available in the state courts.") (citing 28 U.S.C. § 2254(b)(1)(A)). Importantly, in order to exhaust a claim, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking *one complete round of the State's established appellate review process*." O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999) (emphasis added). McDaniel carries the burden of proving

---

[3]   The United States Supreme Court has held that AEDPA's statute-of-limitations period "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows both that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. Id. at 649. See also United States v. Thomas, 713 F.3d 165, 174 (3d Cir. 2013); Ross v. Varano, 712 F.3d 784, 798-804 (3d Cir. 2013); Munchinski v. Wilson, 694 F.3d 308, 329-32 (3d Cir. 2012). "This conjunctive standard requires showing *both* elements before we will permit tolling." Sistrunk v. Rozum, 674 F.3d 181, 190 (3d Cir. 2012) (emphasis in original). McDaniel has not made a showing of either element, and there is no basis to conclude that this case is one of the rare ones in which equitable tolling would apply. McDaniel contends that during the time in which he was incarcerated in Michigan he was denied access to the courts. [ECF No. 25 at 2]. However, McDaniel also admits that he was returned to the state correctional institution in Pennsylvania (SCI Albion) on May 25, 2011, and the statute of limitations for Claim One did not expire until on or around November 15, 2011. Therefore, once he returned to SCI Albion he had more than six months to file a timely habeas petition and he still failed to meet the deadline.

exhaustion of all available state remedies, see, e.g., Lambert, 134 F.3d at 513, and he has not met that burden. Importantly, in order to do so he must demonstrate that he raised each of the claims at issue to the Superior Court through the proper vehicle, not just that he raised his federal constitutional claim before a state court at some point. See, e.g., O'Sullivan, 526 U.S. at 845; Ellison v. Rogers, 484 F.3d 658, 660-62 (3d Cir. 2007) (the petitioner's claims of ineffective assistance were not exhausted properly even though he had raised those claims on direct review, because state law required that ineffective assistance claims be raised in state post-conviction review, and the petitioner had not sought such review).

If a habeas petitioner failed to exhaust his claims properly and can no longer return to state court to litigate them because, for example, the state's statute of limitations has expired, the petitioner has procedurally defaulted his claims and the federal habeas court is barred from reviewing them on the merits. See, e.g., Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000); Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000). That is the case here. Like the exhaustion doctrine, the doctrine of procedural default is "grounded in concerns of comity and federalism," Coleman v. Thompson, 501 U.S. 722, 730(1991), and it provides that a federal habeas claim may not be addressed by the federal habeas court if the petitioner either: (a) failed to present it to the state court and the state court would now decline to address it on the merits because state procedural rules bar such consideration; or (b) failed to comply with a state procedural rule when he presented the claim to the state court, and for that reason the state court declined to address the federal claim on the merits. See, e.g., Edwards v. Carpenter, 529 U.S. 446, 451 (2000); O'Sullivan v. Boerckel, 526 U.S. 838, 851-56 (1999) (Stevens, J. dissenting) (describing the history of the procedural default doctrine); Wainwright v. Sykes, 433 U.S. 72 (1977); Lines, 208 F.3d at 162-69.

Because McDaniel did not exhaust properly Claims One or Claim Two, the Court could deny them because, in addition to being untimely, they are procedurally defaulted.[4]

### 3. McDaniel's Claims Have No Merit

The Court could also deny McDaniel's claims for lack of merit. In Claim One, he contends that he is being imprisoned by the Pennsylvania Department of Corrections in violation of his due process and equal protection rights because no "valid written and signed judgment of sentence order" was issued in his case in violation of 37 Pa.Code § 91.3 and 42 Pa.C.S.A. § 9764(a)(8).[5] [ECF No. 10 at 5]. The Respondents have produced the sentencing order issued by the Court of Common Pleas of Bedford County in McDaniel's criminal case [ECF No. 18 at 14-15, Resp's Ex. 2], and McDaniel has not established that there is any basis for this Court to conclude that it is not valid. For that reason alone, Claim One fails.

Moreover, there is no federal constitutional requirement that a state court issue a separate written order setting forth the sentence imposed. Therefore, although McDaniel invokes the Due Process Clause

---

[4] A petitioner who has defaulted a federal habeas claim can overcome the default, thereby allowing federal court review, if he can demonstrate "cause" for the default, *i.e.*, that some objective factor "external to the defense" impeded efforts to comply with the state's procedural rule, and "actual prejudice." See, e.g., Coleman, 501 U.S. at 750; see also Murray v. Carrier, 477 U.S. 478, 488, 494 (1986). McDaniel has not met his burden of demonstrating cause for his default or prejudice stemming therefrom.
    A petitioner may also overcome a procedural default of a claim if he can demonstrate a "miscarriage of justice." This exception provides that a procedural default may be excused if the petitioner presents evidence of "actual innocence" that is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]" Schlup v. Delo, 513 U.S. 298, 316 (1995). See also Houck v. Stickman, 625 F.3d 88, 93-95 (3d Cir. 2010); Hubbard v. Pinchak, 378 F.3d 333, 339-41 (3d Cir. 2004). It only applies in extraordinary cases where the petitioner demonstrates that a constitutional violation has probably resulted in the conviction of one who is actually innocent. Id.; Hubbard, 378 F.3d at 339-40. It is not applicable to McDaniel's case.

[5] Section 9764(a)(8) requires that "[u]pon commitment of an inmate to the custody of the Department of Corrections, the sheriff or transporting official shall provide to the institution's records officer or duty officer, in addition to a copy of the court commitment form DC-300B … the following information: …(8) A copy of the sentencing order and any detailers filed against the inmate which the county has notice." Section 91.3 of Title 37 of Pennsylvania's Administrative Code provides that the Department of Corrections "will accept and confine those persons committed to it under lawful court orders which conform to 42 Pa.C.S. § 9762 (relating to sentencing proceeding; place of confinement) when information has been provided to the Department as required by 42 Pa.C.S. § 9764 (relating to information required upon commitment and subsequent disposition)."

and the Equal Protection Clause, his argument that § 9764(a)(8) and 37 Pa.Code § 91.3 was not complied with in actuality raises only an issue of state law and, therefore, it is not cognizable in federal habeas. See e.g., Estelle, 502 U.S. at 67-68; Wells v. Petsock, 941 F.2d 253, 256 (3d Cir. 1991) ("Our review of a federal habeas corpus petition is limited to remedying deprivations of a petitioner's federal constitutional rights. We take no cognizance of non-constitutional harm to the defendant flowing from a state's violation of its own procedural rule, even if that rule is intended as a guide to implement a federal constitutional guarantee."). In any event, McDaniel does not state any prejudice resulting from the alleged violation. Indeed, Pennsylvania courts have addressed this issue and failed to find cognizable harm flowing from such a violation. See, e.g., Joseph v. Glunt, 96 A.3d 365, 372 appeal denied, 627 Pa. 774 (2014) ("[T]he trial court correctly concluded that, even in the absence of a written sentencing order, the DOC had continuing authority to detain [the petitioner.]").

In Claim Two, McDaniel contends that he was subjected to an enhanced sentence based on factors not found by the jury, which, as articulated in Alleyne, violates his Sixth Amendment rights. The record belies the factual basis of McDaniel's claim. In addition, it can be denied because the rule announced in Alleyne does not apply to him. Under Teague v. Lane, 489 U.S. 288 (1989), a state prisoner seeking habeas relief in federal court may not rely on a "new" constitutional rule of criminal procedure that was announced after the date his judgment of sentence became final. As discussed above, McDaniel's judgment of sentence became final on or around November 15, 2010. See, e.g., Caspari v. Bohlen, 510 U.S. 383, 390 (1994) (citing Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1987) ("[a] state conviction and sentence become final for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied."). That was well before the Supreme Court decided Alleyne in 2013. In United States v. Reyes, 755 F.3d 210, 212-13 (3d Cir.), cert.

denied 135 S.Ct. 695 (2014), the Court of Appeals for the Third Circuit held that <u>Alleyne</u> announced a "new" rule that does not apply retroactively to cases on collateral review, such as this one. The Superior Court of Pennsylvania has held the same. <u>Commonwealth v. Riggle</u>, 119 A.3d 1058, 1067 (Pa.Super.Ct. 2015) (<u>Alleyne</u> is not entitled to retroactive effect to cases on collateral review). Therefore, because <u>Alleyne</u> does not apply retroactively to cases on collateral review, it cannot afford McDaniel relief.

### C. Certificate of Appealability

AEDPA, codified in relevant part at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Section 2253 provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Id.</u> Applying those standards here, jurists of reason would not find it debatable whether each of McDaniel's claims should be denied. Accordingly, a certificate of appealability is denied.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be denied and that a certificate of appealability be denied.

11

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties may seek review of this Report and Recommendation by the district court by filing objections within 14 days after service. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: April 5, 2016

cc: The Honorable Barbara Rothstein
United States District Judge