# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA
# AT ERIE

| | |
|---|---|
| MICHAEL McDANIEL, | )<br>) |
| *Petitioner*, | ) Civil Action No. 14-cv-00238-BR-SPB<br>) |
| v. | ) **MEMORANDUM ORDER**<br>) **ADOPTING REPORT AND** |
| NANCY GIROUX, *et al.*, | ) **RECOMMENDATION**<br>) |
| *Respondents*. | )<br>) |

## I.  INTRODUCTION

Before the Court is the Report and Recommendation of Magistrate Judge Susan Paradise Baxter. (Doc. No. 26). On May 23, 2016, Petitioner Michael McDaniel filed Objections. (Doc. No. 29). After reviewing the Report and Recommendation, Petitioner's Objections, and the record, the Court adopts Magistrate Judge Baxter's Report and Recommendation in its entirety. The Court's reasoning follows.

## II.  BACKGROUND[1]

On August 22, 2007, Petitioner Michael McDaniel was sentenced to 15 to 30 years of imprisonment after he was found guilty of three counts of rape of a person under 13 years old and one count of involuntary deviate sexual intercourse. (Doc. No. 18, Exs. 1 & 2). In 2009, McDaniel obtained leave to file an appeal to contest the sufficiency of the evidence and the reasonableness of his sentence. (*Id.*, Exs. 4 & 5). The Superior Court of Pennsylvania affirmed McDaniel's conviction on October 15, 2010. (*Id.*, Ex. 6). McDaniel did not appeal the Superior Court decision to the Supreme Court of Pennsylvania. Accordingly, the trial court judgment became final on or

---

[1] The factual and procedural background is described in greater detail in Magistrate Judge Baxter's April 5, 2016 Report and Recommendation. (Doc. No. 26).

1

around November 15, 2010, the expiration of McDaniel's time to file a Petition for Allowance of Appeal from the Superior Court decision.

On February 28, 2012, McDaniel filed his first petition for writ of habeas corpus. *See* Petition for Writ of Habeas Corpus, *McDaniel v. Erie Cty. Court of Common Pleas*, No. 12-cv-00058 (W.D. Pa.), Doc. No. 1. It was summarily dismissed on October 4, 2012. *Id.*, Doc. No. 33. Subsequently, McDaniel filed an application for authorization to file a second or successive habeas petition with the Court of Appeals. The Court of Appeals granted McDaniel's application on the grounds that the District Court recharacterized McDaniel's first habeas petition as one under 28 U.S.C. § 2254 without providing him with notice and an opportunity to amend or withdraw his petition as required by *Mason v. Myers*, 208 F.3d 414, 418 (3d Cir. 2000). (Doc. No. 10, Ex. 9).

On October 10, 2014, McDaniel filed the present habeas petition. (Doc. No. 7). McDaniel raises two claims. First, he argues that the trial court failed to issue a written and signed judgment of his sentencing order. Second, he contends that he received an enhanced sentence based on factors not found by a jury, contravening *Alleyne v. United States*, 133 S. Ct. 2151 (2013).

On April 5, 2016, Magistrate Judge Baxter recommended that Petitioner's habeas petition should be denied because his claims are untimely, procedurally defaulted, and lacking in merit. (Doc. No. 26). On May 23, 2016, Petitioner filed Objections to Magistrate Judge Baxter's Report and Recommendation. (Doc. No. 29).

### III. DISCUSSION

When a party files objections, the district court must review *de novo* those aspects of the Report and Recommendation to which the petitioner objects. *See* 28 U.S.C. § 636(b)(1)(C); *United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court may accept, reject, or modify the Report and Recommendation with or without objections having been filed. § 636(b)(1)(C).

Petitioner McDaniel objects to each ground of Magistrate Judge Baxter's Report and Recommendation.[2] The Court reviews each objection in turn.

**A. Petitioner's Claims are Untimely.**

Relevant to Petitioner's first claim, 28 U.S.C. § 2244(d)(1)(A) provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus" from the "date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review." Petitioner's judgment became final on or around November 15, 2010. Petitioner raised his first claim in the present habeas petition that was filed on October 10, 2014. Accordingly, Magistrate Judge Baxter recommended that Petitioner's first claim is untimely by several years. (Doc. No. 26, at 6).

In response, Petitioner argues that the statute of limitations should run from the "last presentation of raised issues (through legal means) in the State's highest court." (Doc. No. 29, ¶ 2). The Court disagrees. The Court cannot deviate from the statute of limitations prescribed in § 2244(d)(1)(A). Moreover, Petitioner's claim fails even under his proffered standard because he never raised his issues in the State's highest court.

Relevant to Petitioner's second claim, 28 U.S.C. § 2244(d)(1)(C) provides that the 1-year period of limitation shall run from the "date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Magistrate Judge Baxter recommended that § 2244(d)(1)(C) is inapplicable to Petitioner's second claim because *Alleyene* does not apply retroactively to cases on collateral review, and even if it did, Petitioner raised his second claim well beyond the limits of § 2244(d)(1)(C). (Doc. No. 26, at 6-7).

---

[2] Petitioner does not object to Magistrate Judge Baxter's recommendation to deny a certificate of appealability. The Court adopts Magistrate Judge Baxter's reasoning and recommendation to deny the certificate of appealability.

3

Petitioner contends that the "application of *Alleyene* is still a matter of contention." (Doc. No. 29, ¶ 8). Petitioner is wrong. "[A] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001) (internal quotation marks omitted). The Supreme Court has not held that *Alleyene* applies retroactively to cases on collateral review.

Petitioner alternatively argues that the statute of limitations should be equitably tolled. (Doc. No. 29, ¶ 5(a)). Equitable tolling requires a petitioner to show: (1) "'that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Magistrate Judge Baxter recommended that the statute of limitations should not be equitably tolled because Petitioner had "not made a showing of either element, and there is no basis to conclude that this case is one of the rare ones in which equitable tolling would apply." (Doc. No. 26, at 7 n.3).

In his Objections, Petitioner fails to argue that he has been pursuing his rights diligently. Nonetheless, Petitioner contends that limited access to legal materials is an extraordinary circumstance that warrants tolling. (Doc. No. 29, ¶ 5(a)). The Court is unpersuaded. While "[t]here are no bright-line rules" for determining whether equitable tolling should apply, *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013), "deprivation of legal material for a relatively brief time period is not sufficient to warrant tolling," *Robinson v. Johnson*, 313 F.3d 128, 143 (3d Cir. 2002). Though limited access to legal materials may make filing a timely appeal more difficult, "increased difficulty does not, by itself, satisfy the required showing of extraordinary circumstances" for equitable tolling. *Thomas*, 713 F.3d at 175. Accordingly, the Court adopts Magistrate Judge Baxter's recommendation that Petitioner's claims are untimely.

4

### B. Petitioner Procedurally Defaulted his Claims.

"All claims that a petitioner in state custody attempts to present to a federal court for habeas corpus review must have been fairly presented to each level of the state courts." *Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000). A federal court cannot review the merits of any claim raised by a habeas petition that was not properly exhausted in state court. *Id*. Moreover, if a petitioner fails to exhaust his claims *and* a state procedural rule bars his return to state court, then that petitioner has procedurally defaulted on his claim. *See id*. at 160. Applying those general principles, Magistrate Judge Baxter recommended that Petitioner procedurally defaulted on his claims. (Doc. No. 26, at 7-9 & n.4).

Petitioner contends that he presented his claims to the Supreme Court of Pennsylvania in "a total of five petitions/motions [that] were filed and accepted for review only to be denied by unsigned per curiam orders." (Doc. No. 29, ¶ 3). Those filings are of no consequence. Petitioner failed to "fairly present" his *instant* claims to each level of state court.

Magistrate Judge Baxter also determined that the exceptions to procedural default do not apply here. (Doc. No. 26, at 9 n.4). Federal courts may review the merits of procedurally defaulted claims if a petitioner demonstrates "cause for the default and actual prejudice" or a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner argues that his case falls within the "fundamental miscarriage of justice" exception. (Doc. No. 26, ¶ 7). He avers that the prosecution violated *Brady v. Maryland*, 373 U.S. 83 (1963), when it withheld a medical report that indicated "no vaginal scarring" on the victim, and that the trial court unlawfully prevented defense counsel from questioning the victim. (*Id.*). Petitioner posits that this evidence is "unquestionable proof of actual innocence." (*Id.*).

Petitioner's case does not fall within this narrow exception. To succeed on an actual innocence claim, a petitioner must produce "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup v. Delo*, 513 U.S. 298, 316 (1995). That standard requires the Court to focus its inquiry on actual innocence and "consider the probative force of relevant evidence" that was excluded at trial. *Id.* at 327. Petitioner's evidence of a medical report and victim testimony fail to show that it is "more likely than not" that no reasonable juror would have found Petitioner guilty beyond reasonable doubt. *Id.* at 328. Accordingly, the Court adopts Magistrate Judge Baxter's recommendation that Petitioner procedurally defaulted on his claims.

**C. Petitioner's Claims Lack Merit.**

Lastly, Magistrate Judge Baxter recommended that both of Petitioner's claims lack merit. Specifically, Petitioner's first claim lacks merit because Respondents produced Petitioner's sentencing order, and Petitioner does not establish any basis to deem it invalid. (Doc. No. 26, at 9). Moreover, the U.S. Constitution does not require a state court to issue a separate written order delineating the sentence imposed. (*Id.*).

Petitioner argues that the Report and Recommendation "completely ignores . . . *Commonwealth v. Foster*, where the court held that 'oral statements made by the judge in passing sentence, but not incorporated in the written sentence signed by the sentencing judge, are not part of the judgment of sentence.'" (Doc. No. 29, ¶ 8). This is irrelevant. Petitioner's objection concerns an issue of state law, which is not cognizable in federal habeas. *See* 28 U.S.C. § 2254(a).

Regarding his second claim, Petitioner contends that it has merit because the "issue of application of *Alleyne* is still a matter of contention even in the U.S. Supreme Court which recently revisited the application of same in the matter of *Welch* on oral arguments." (Doc. No. 29, ¶ 8).

The issue before the Court in *Welch v. United States*, 578 U.S. — (2016), was "whether *Johnson* is a substantive decision that is retroactive in cases on collateral review." The opinion makes no mention of *Alleyene*. More significantly, the Supreme Court must hold that a new rule applies retroactively to cases on collateral review. *Tyler*, 533 U.S. at 663. The Supreme Court has not done so with respect to *Alleyene*. Accordingly, the Court adopts Magistrate Judge Baxter's recommendation that Petitioner's claims lack merit.

In conclusion, Petitioner issues a blanket objection, arguing that the "federal courts have the authority under the United States Constitution to assure all states comply with properly enacted laws." (Doc. No. 29, ¶ 8). Petitioner cites *Martin v. Hunter's Lessee*, 14 U.S. 304 (1816), to assert that states are not "beyond the power of federal enforcement of laws." (*Id.*). Petitioner's objection is inapposite. *Hunter's Lessee* holds, in part, that "state courts are to adjudicate under the supreme law of the land." *Id.* at 315. Because Petitioner's claims lack a basis in federal law, *Hunter's Lessee* certainly does not apply.

## IV. CONCLUSION

For the foregoing reasons, the Report and Recommendation of Magistrate Judge Baxter, filed on April 5, 2016, is adopted as the opinion of the Court, and the petition for writ of habeas corpus and a certificate of appealability are denied.

**IT IS SO ORDERED**

Dated: July 22, 2016

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE